IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EVELYN J. LANE**                                                                           **PLAINTIFF**

v.                                                                CAUSE NO. 1:12CV381-LG-JMR

**J.H. HAYNES ELECTRIC CO., INC.**                                        **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER
MOTION TO DISMISS AND TO STAY</u>

BEFORE THE COURT is the Motion [5] to Dismiss Pursuant to Rule 12(B)(7) and to Stay the Proceedings, filed by Defendant J.H. Haynes Electric Company, Inc. Haynes contends that the Union to which Plaintiff Evelyn J. Lane belonged is a necessary party to this employment discrimination lawsuit. Haynes moves for dismissal for Lane's failure to name the Union as a defendant. In the alternative, Haynes moves for joinder of the Union under Rule 19, and a stay until the joinder issue is resolved. Lane has responded, and Haynes has replied. After careful consideration of the parties' arguments and the relevant law, it is the Court's opinion that the Union is not a necessary party to this action. The Motion will be denied.

BACKGROUND

According to her Complaint, Lane was employed by Haynes for fourteen years. She began as a journeyman wireman, and was promoted to foreman in 2011. She was the only female foreman working on her project at Haynes when she was terminated on November 10, 2011. Although classified as a foreman, she received pay as a journeyman and was required to pay for use of a company vehicle, unlike male foremen. She alleges that at various times during her work as a foreman she received

pay that was not equal to certain male journeymen wiremen and/or foremen.  She was informed that her termination was due to a reduction in force, but she was the only foreman terminated.  Other, male, foremen – some with less seniority – were allowed to take a demotion and/or transfer to other job sites.

Lane alleges she filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.[1]  Her claims against Haynes in this lawsuit are for gender discrimination under Title VII and Equal Pay Act violations.

Haynes argues that Lane's claims are inextricably intertwined with a Collective Bargaining Agreement with the International Brotherhood of Electrical Workers, Local 903 (the "Union"), because all of Haynes' employment decisions regarding Lane were made pursuant to the terms of the CBA.  According to Haynes, Lane's claims attack the policies and practices in the CBA, and therefore the Union is a necessary party to this lawsuit and should be joined pursuant to Fed. R. Civ. P. 19.

## Discussion

Rule 19 requires that the Court examine whether a party necessary to the action can be joined as a party, and if not, whether the case should be dismissed.[2]  The

---

[1] Although Lane states the Charge and Notice of Right to Sue Letter are attached as Exhibits "A" and "B" to the Complaint, the Court is unable to locate these documents in the record.

[2] Federal Rule of Civil Procedure states in relevant part:

(a) <u>Persons Required to Be Joined if Feasible</u>.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

examination is a "highly-practical, fact-based" inquiry into the facts of the case. *Hood v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)). In the case of the joinder of a union in an employment discrimination case, the Court is primarily looking for evidence that its judgment will adversely affect the rights of the union. *See U.S. v. City of Miami,*

---

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) <u>When Joinder Is Not Feasible</u>. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Fl.*, 664 F.2d 435, 462 (5th Cir. 1981) ("[O]nce the court determined that the Unions' rights were not adversely affected by the decree, they should have been dismissed from the litigation since they were no longer a necessary party within the meaning of Rule 19(a) of the Federal Rules of Civil Procedure.").

Lane's gender discrimination claim is that she was terminated when similarly-situated males were not. She further alleges that Haynes had no policies in place concerning gender discrimination, which led to Haynes "limit[ing], classify[ing] and discriminat[ing] against females." (Compl. 4 (¶¶18-19), ECF No. 1). Her Equal Pay Act claim is that she was paid less than similarly situated males, both as a journeyman wireman and as foreman. She seeks backpay, compensatory damages, and attorneys fees and costs.

Haynes argues that some provisions of the CBA have become at issue by virtue of Lane's claims, making the Union a necessary party in order to fully adjudicate the claims. Haynes' argument is that it was following the guidelines of the CBA when it terminated Lane, and it paid her the wages required by the CBA for her position. Accordingly, if it discriminated against her, it must have been because the CBA is discriminatory.

In support of its argument, Haynes provides case law in which a union was joined in an employment discrimination lawsuit. In *E.E.O.C. v. Braswell Motor Freight Lines, Inc.*, No. CA-3-7101-D, 1974 WL 259 (N.D. Tex. Aug. 26, 1974), the court found that joinder of a union was proper, because "[i]n fashioning such relief as this court may deem just and proper, it may be necessary to grant injunctive relief as

to certain provisions of the collective bargaining agreements that may perpetuate the effects of independently existing unlawful employment practices." *Id.* at *1. *Braswell* can be distinguished from this case by the form of relief requested by Lane. She asks for money damages -- not injunctive relief of any kind.  Haynes also cites *Reyes v. Missouri-Kansas-Texas Railroad Company*, 53 F.R.D. 293 (D. Kan. 1971). In that case, the court held that because plaintiff alleged that the defendant had violated the civil rights act by certain collective bargaining agreements, the union was a necessary party. The court therefore allowed the plaintiff to amend his complaint to join the union, stating that "if it should later become clear . . . that [plaintiff] is only complaining about defendant's unlawful practices under an otherwise lawful agreement, then dismissal [of the union] at that time may be appropriate." *Reyes*, 53 F.R.D. at 297. In this case, Lane makes no allegation that any provision of the CBA is unlawful or resulted in the complained-of discriminatory employment actions. Furthermore, the CBA provisions cited by Haynes do not refer to gender. It appears to the Court, therefore, that Lane's claims involve unlawful practices under an otherwise lawful agreement. The Union is not necessary in this circumstance.

Next, Haynes cites *E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974). In that case, the court found it appropriate to join the union because any decree entered could have affected the collective bargaining agreement with the employer. Neither the claims nor how the collective bargaining agreement might have been affected by the court's ruling are discussed in the opinion. Its usefulness in resolving this case is therefore limited.

In *McCooe v. Town of Manchester*, 101 F.R.D. 339, 341 (D. Conn. 1984), the court joined a union in an Age Discrimination in Employment action because the union's collective bargaining agreement incorporated an age-based mandatory retirement age established by the defendant town's ordinance. Any finding that the ordinance violated the ADEA would necessarily also call into question the lawfulness of the collective bargaining agreement. This case is clearly distinguishable because Lane's claims do not implicate the Haynes CBA. Lane simply asserts that Haynes unlawfully considered her gender in making its employment decisions. Similarly, the court's decision in *Kinnunen v. American Motors Corporation*, 56 F.R.D. 102 (E.D. Wisc. 1972), is inapplicable because the plaintiff in that case alleged violations of a collective bargaining agreement.

Finally, in *Freeman v. Motor Convoy*, No. 16185, 1979 WL 248 (N.D. Ga. June 29, 1979), the plaintiff alleged that collective bargaining agreements were entered into with the intent to discriminate. *Id* at *3. Once again, that is not the situation in this case.

In support of her argument that the Union is not a necessary party in regard to her employment discrimination claim, Lane points to the Fifth Circuit's decision in *E.E.O.C. v. Eastern Airlines, Inc.*, 645 F.2d 69 (5th Cir. 1981). In that case, the Fifth Circuit looked primarily to the language of Rule 19, stating:

> Under subsection (a), persons to be joined if feasible include a party in whose "absence complete relief cannot be accorded among those already parties," or, a party so situated that the disposition of the action in his absence "may have a prejudicial effect on his ability to protect his own interests." Because Eastern's liability is not predicated upon the

>   Union's action, we see no reason why the TWU would fall within the
>   scope of either category.

In regard to Lane's Equal Pay Act claims, the analysis is essentially the same. A union is a necessary party when the claims go to the terms of the collective bargaining agreement. *See Gray v. Oncor Elec. Delivery Co.*, No. 3:11-CV-781-L, 2011 WL 6039629, *2 (N.D. Tex. Nov. 30, 2011). A union should be joined when adjudicating such claims might require a court to make changes to a plaintiff's wages that are not provided for in the collective bargaining agreement . *Id*.

After reviewing these precedents and the facts and circumstances of this case, the Court concludes that the Union is not a necessary party to this action. Lane's claims present questions of whether Haynes impermissibly considered her gender in deciding how she should be compensated while she was employed and whether to terminate her employment. As the case now stands, there is no probability that the rights of the Union will be affected by the Court's ultimate ruling on Lane's claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [5] to Dismiss Pursuant to Rule 12(B)(7) and to Stay the Proceedings, filed by Defendant J.H. Haynes Electric Company, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE